UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MATTSON, | Case No.: 1:13cv0567 AWI DLB (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| CDCR, et al., | |
| | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Steve Mattson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on April 19, 2013. He names the California Department of Corrections and Rehabilitation ("CDCR"), Kern Valley State Prison ("KVSP") Warden M. Biter, KVSP Chief Medical Officer S. Lopez and Dr. Dileo as Defendants.

A. **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

1  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid,
2  the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails
3  to state a claim upon which relief may be granted."  28 U.S.C.
4  § 1915(e)(2)(B)(ii).

5  A complaint must contain "a short and plain statement of the claim showing that the pleader is
6  entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
8  do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,
9  550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state
10 a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual
11 allegations are accepted as true, legal conclusions are not.  Id.

12 Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
13 federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092
14 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
15 Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions
16 of each named defendant to a violation of his rights; there is no respondeat superior liability under
17 section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21
18 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at
19 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556
20 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility
21 of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d
22 at 969.

23 **B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

24 Plaintiff alleges that for years, he had an established debilitating back injury for which he
25 received treatment while housed at Corcoran State Prison.  However, when he was transferred to
26 KVSP, Defendant Dileo deliberately interfered with the treatment prescribed by his former primary
27 care physician.  Since the interference, Plaintiff's mobility has suffered and he is unable to walk
28

without a walker or wheelchair. Plaintiff is in great pain when he performs daily tasks such as showering and going to programs and services.

Plaintiff further alleges that despite objective medical evidence of injury (an x-ray), Defendants Lopez and Dileo refuse to allow an MRI and an appointment with an orthopedic specialist. Plaintiff alleges that Defendant Dileo told him at medical interviews that, "This is a disciplinary prison, we don't give out certain medications at this disciplinary prison." Compl. 4.

On information and belief, Plaintiff alleges that Defendants Biter and Lopez have an informal/formal program at KVSP which denies pain management except in extraordinary circumstances.

Plaintiff also alleges, on information and belief, that Defendants Lopez and Biter have instructed Defendant Dileo to only prescribe psychotropic medications in lieu of pain medications. Plaintiff contends that this is done without informed consent, and without knowledge of side effects.

Plaintiff contends that Defendants are aware of his disability and his ADA status has been approved. However, he alleges that they are deliberately indifferent to treating his incurable medical condition. Plaintiff requests injunctive relief.

**C.    DISCUSSION**

    1.    Defendant CDCR

The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

Therefore, Plaintiff may not maintain a claim against CDCR.

    2.    Eight Amendment Deliberate Indifference to Serious Medical Need

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or

the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

In his complaint, Plaintiff alleges that Defendant Dileo deliberately interfered with prescribed medical treatment by refusing pain medication and additional treatment. His allegations, however, are too vague to support a cause of action. As explained above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).

Plaintiff's complaint contains little, if any, factual information. Although he may recite the legal elements of an Eighth Amendment claim, he does not set forth any facts upon which to base his claim. For example, he does not describe the facts surrounding Defendant Dileo's treatment or why he believes that Defendant Dileo was deliberately indifferent to his serious medical need. He also states that Defendant Lopez refused to give him an MRI, but he provides no factual context. Without factual information, the Court cannot determine whether Plaintiff's allegations state a cognizable claim. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Similarly, all of his allegations against Defendant Biter, and some of his allegations against Defendant Lopez, are made on "information and belief." Compl. 4. Again, Plaintiff's allegations

4

relating to Defendants Biter and Lopez are little more than legal conclusion without factual support. He concludes that they have a program in place to deny pain medications, but he provides no facts to support his claim.

Accordingly, for these reasons, Plaintiff's complaint fails to state a claim for which relief may be granted.

### D.   CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim under section 1983. The Court will provide Plaintiff with one opportunity to file an amended complaint, if he believes in good faith he can cure the deficiency identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that

1.   The Clerk's Office shall send Plaintiff a complaint form;

2.   Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.   Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.     <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated:   **June 26, 2013**                               /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE