UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MATTSON,<br><br>        Plaintiff,<br><br>vs.<br><br>S. LOPEZ, *et al.*,<br><br>        Defendants. | Case No. 1:13-cv-00567-RRB<br><br>**ORDER REGARDING<br>MOTION AT DOCKET 25** |

At **Docket 25** Plaintiff Steve Mattson has moved for the appointment of counsel. Mattson contends that he has limited access to the law library and knowledge of the law. Mattson further argues that the issues presented in this case are complex and will require significant research and investigation.  For the following reasons the Court disagrees.

Generally, a state prisoner has no right to counsel in civil actions.[1]  "However, a court may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues

---

[1]  *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (holding that there is no constitutional right to appointed counsel for § 1983 claims).

ORDER REGARDING MOTION AT DOCKET 25
*Mattson v. Lopez,* 1:13-cv-00567-RRB – 1

involved. Neither of these considerations is dispositive, instead they must be viewed together."[2]

Mattson has alleged that while incarcerated at California State Prison – Corcoran his treating physician prescribed medication to alleviate his pain and physical therapy. After his transfer to Kern Valley State Prison the Defendants refused to continue that course of treatment. Instead, he has been placed on a regimen of pyschotropic medication. As a result, Mattson contends that he suffers constant pain and has limited mobility, i.e., cannot walk without the aid of a walker or wheelchair.

Contrary to Mattson's contentions, the *legal* issues in this case, a relatively straight forward medical deliberate indifference case, are uncomplicated. In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.[3] In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[4] In this case, Mattson must show that the Defendants exhibited "deliberate indifference to [his] serious medical needs."[5] Such a showing is sufficient to demonstrate the "unnecessary and wanton infliction of pain

---

[2]   *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations and internal quotation marks omitted).

[3]   *Id.* at 106.

[4]   *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[5]   *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

proscribed by the Eighth Amendment."[6]  A mere difference of medical opinion regarding the course of medical treatment is "insufficient as a matter of law, to establish deliberate indifference."[7]  "Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[8]

While his allegations were sufficient to survive the liberal standard applicable to initial screening,[9] Mattson has the burden of proving each element of deliberate indifference,[10] a very high hurdle.  The difficult hurdle Mattson faces in this case is not a *legal* issue, but a *factual* one.  Appointment of counsel is not necessary for this purpose.  Accordingly, the Motion for Appointment of Counsel at **Docket 25** is **DENIED**.

**IT IS SO ORDERED** this 27th day of March, 2014.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[6]  *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)) (internal quotation marks and citation omitted)).

[7]  *Toguchi v. Chung*, 391 F.3d 1051, 1059–60 (9th Cir. 2004) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting, also, that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

[8]  *Toguchi*, 391 F. 3d at 1060; *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation).

[9]  *See, e.g., Schultz v. State of Calif. Dep't of Corr. and Rehabilitation*, 510 Fed. Appx. 504 (9th Cir. 2013).

[10]  *See Clem v. Lomeli*, 566 F.3d 1177, 1183 (9th Cir. 2009) (Hug, J. concurring); Ninth Circuit Model Civil Jury Inst. 9.25.