UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MATTSON,<br><br>    Plaintiff,<br><br>vs.<br><br>S. LOPEZ, *et al.*,<br><br>    Defendants. | Case No. 1:13-cv-00567-RRB<br><br>**ORDER REGARDING**<br>**MOTION AT DOCKET 32** |

At **Docket 32** Plaintiff Steve Mattson, a state prisoner appearing *pro se*, filed a document entitled "Motion to Correct Filing Error and Need of Counsel." In that motion Mattson addresses two matters. First, Mattson addresses two previously filed documents entitled "Plaintiff's Initial Disclosure of Documents to Defendants,"[1] and "Plaintiff's Initial Disclosure to Defendants."[2] Mattson acknowledges that he did not serve either document on Defendants or their counsel. It also appears that Mattson did not provide copies of the documents he identified to Defendants. Mattson requests that he be excused from serving copies of the documents identified. Second, Mattson renews his request for the appointment of counsel.

---

[1]   Docket 28 (identifying 27 documents that Mattson intends to rely on).

[2]   Docket 29 (identifying witnesses).

ORDER REGARDING MOTION AT DOCKET 32
*Mattson v. Lopez*, 1:13-cv-00567-RRB – 1

## DISCUSSION

<u>Service of Documents</u>.  Service of documents by Plaintiff on counsel presents two separate issues:  service of documents filed with the Court; and service of documents and other evidentiary material that are not filed with the court and, therefore, not accessible through the court's CM/ECF system.

As to the first category, the Court agrees with Mattson that, if the document is accessible by counsel through the CM/ECF system, conventional service is essentially superfluous inasmuch the documents are easily accessible by the opposing party. Accordingly, Mattson need not conventionally serve papers and documents that are filed with the court *and* entered into the court's CM/ECF system. Mattson must, however, generally conventionally serve all other papers and documents.

The foregoing does not, however, resolve the issue of whether Mattson must provide Defendants with copies of the exhibits Mattson identified in his disclosure, but were not filed.  While normally the burden of production is on the party bearing the burden of proof, in this case that party is an indigent prisoner appearing *pro se*, which significantly limits his ability to obtain, copy, and furnish copies to the opposing party.  It appears, at least facially, that each of the documents identified by Mattson is a document that is contained in the official prison records.  As a consequence, to that extent the documents are at least as readily accessible to Defendants as they are to Mattson, if not more so. Under the circumstances of this case, the burden imposed on Mattson to produce copies of those papers and documents is not insignificant. On the other hand, the burden imposed

on Defendants and their counsel if Mattson is relieved of his obligation to them with copies of papers and documents, to the extent they are contained in the official prison records, is *de minimis*.  Accordingly, after weighing the potential, the Court is of the opinion that dispensing with the requirement that an incarcerated prisoner provide copies of such papers and documents is in the interest of justice.  That does not, however, relieve Mattson of his obligation to provide copies of papers and documents that are not part of the prison records or otherwise demonstrably equally as accessible to Defendants as to Mattson.

Appointment of Counsel.  This is Mattson's second request that the court appoint counsel.  As this Court explained in denying Mattson's initial request, the issue in this case is primarily one of fact, not legal.[3]  The availability of *pro bono* counsel to represent indigent prisoners is limited.  While this Court is not unmindful of the value of the assistance of counsel, both to Plaintiff and the Court itself, this Court has previously determined that this is not a case in which it is necessary to appoint counsel.  Nothing in Mattson's current motion changes that determination.

## ORDER

The request for appointment of counsel is **DENIED**.

The request that service on counsel for Defendants via the court's CM/ECF system be deemed as adequate service by Mattson is **GRANTED**. Mattson need not conventionally serve on Defendants or Defendants' counsel any document filed with the court and entered into the court's CM/ECF system.

---

[3]   Docket 26.

ORDER REGARDING MOTION AT DOCKET 32
*Mattson v. Lopez*, 1:13-cv-00567-RRB – 3

With respect to the production of documents identified by Mattson is his initial disclosures:

1.	Counsel for Defendants is directed to review the list of documents identified by Mattson at Docket 28 and determine which, if any, of those identified documents are not reasonably within the custody or control of, or reasonably accessible to, the Defendants;

2.	On or before **May 30, 2014**, counsel for Defendants must serve and file a notice specifically identifying those documents that are not within Defendants' custody or control, or reasonably available to Defendants; and

3.	Not later than **June 30, 2014**, Mattson must produce and provide to Defendants' counsel legible copies of each document identified in the immediately preceding paragraph by the Defendants as not being within their custody or control, or reasonably accessible.

**IT IS SO ORDERED** this 24th day of April, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE