UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MATTSON,<br><br>        Plaintiff,<br><br>vs.<br><br>S. LOPEZ, *et al.*,<br><br>        Defendants. | Case No. 1:13-cv-00567-RRB<br><br>**ORDER DENYING MOTIONS<br>AT DOCKETS 36, 37** |

At **Docket 36** Plaintiff Steve Mattson filed a Motion to Compel Discovery: Production of Documents. At **Docket 37** Mattson filed a second Motion to Compel Discovery: Production of Documents. Defendants have opposed both motions.[1] Although the time therefor has lapsed, Plaintiff has not replied.  Neither party has requested oral argument and the matter is submitted for decision on the moving and opposing papers.

In his discovery request at issue in Docket 36 Mattson has requested that Defendants Sherry Lopez and L. Dileo produce their medical credentials, certain policies and complaints filed against them.  In his discovery request at issue in Docket 37 Mattson has requested that Defendants Sherry Lopez and L. Dileo produce essentially the same type of information as requested in his motion at Docket 36.

---

[1] Docket 38.

In opposing the motions Defendants Lopez and Dileo indicate that they have produced many of the documents requested.  To the extent they have not produced the documents, Defendants contend that those documents are irrelevant to the issues presented in the complaint, are privileged, or are not within their possession, custody, or control.  In failing to reply to the opposition Mattson has effectively conceded that Defendants provided the requested information.  Indeed, even in his motion Mattson has not identified any specific document relevant to the issues properly before this Court that has not been produced.

The Supreme Court, holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment, stated:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[2]

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition,"

---

[2] *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks and citations omitted).

holding that only the former violates the Constitution.[3]  In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[4]

In determining deliberate indifference, the court scrutinizes the particular facts and looks for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.[5]  The Ninth Circuit has spoken to the subject of the appropriate test under *Estelle*:

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.  Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983.  A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs.  If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.[6]

A defendant must purposely ignore or fail to respond to a prisoner's pain or medical need in order for deliberate indifference to be established.  Where the claim is based upon

---

[3]  *Id.* at 106.

[4]  *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[5]  *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

[6]  *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted).

delay in providing a specified treatment, a prisoner has no claim for deliberate medical indifference unless the delay was harmful.[7]   "Deliberate indifference is a high legal standard.   A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[8]   A mere difference of medical opinion regarding the course of medical treatment is "insufficient as a matter of law, to establish deliberate indifference."[9]

While some of the documents may be relevant if this were a mere medical malpractice action, they are not relevant to the issue of deliberate indifference—the sole issue that is properly before this Court in a prisoner's lawsuit under 42 U.S.C. § 1983. Nowhere in his motions has Mattson identified any document that he seeks be produced are relevant to the issue before this Court, nor does it appear that production of the requested documents would lead to the discovery of admissible evidence.[10]

---

[7]   *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

[8]   *Toguchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation).

[9]   *Toguchi v. Chung*, 391 F.3d 1051, 1059–60 (9th Cir.  2004) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting, also, that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

[10]   Fed. R. Civ. P. 26(b)(1); *see Surfvivor Media Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995).

Accordingly, the Motions to Compel Discovery: Production of Documents at **Dockets 36 and 37** are **DENIED**.

**IT IS SO ORDERED** this 12th day of September, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE