UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MATTSON,<br><br>    Plaintiff,<br><br>vs.<br><br>S. LOPEZ, *et al.*,<br><br>    Defendants. | Case No. 1:13-cv-00567-RRB<br><br>**ORDER REGARDING<br>MOTION AT DOCKET 43** |

At **Docket 43** Plaintiff Steve Mattson has moved to extend the time for discovery. Also pending before the Court is Defendants' motion for summary judgment.[1] In his motion Mattson contends he has not had adequate access to the prison law library due to numerous lockdowns and institutional searches. Mattson further states he would like to submit a second set of requests for admissions to Defendant L. Dileo. The record reflects that discovery was initially scheduled to close on May 30, 2014.[2] Upon the request of Mattson, the Court extended the discovery cut-off date through and including August 4, 2014.[3]

More than two (2) months have lapsed since the close of discovery, as extended by the Court. Federal Rule of Civil Procedure 56 provides in relevant part:

---

[1] Docket 40.

[2] Docket 20.

[3] Docket 35.

>    (c) PROCEDURES.
>       (1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>          (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>          (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>                        * * * *
>    (d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>       (1) defer considering the motion or deny it;
>       (2) allow time to obtain affidavits or declarations or to take discovery; or
>       (3) issue any other appropriate order.
>    (e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>       (1) give an opportunity to properly support or address the fact;
>       (2) consider the fact undisputed for purposes of the motion;
>       (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>       (4) issue any other appropriate order.

Failure to comply with the requirements of Rule 56 is a proper ground for proceeding to summary judgment.[4] This Court also served on Mattson a Notice Regarding Motion for Summary Judgment that explained his obligations under the rules and warned him of the possible consequences for the failure to comply.[5]

---

[4] *Family Home and Fin. Ctr. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

[5] Docket 42.

The Court has reviewed Defendant's pending motion for summary judgment, including the declarations in support thereof. Other than to request leave to submit a second set of requests for admissions he now asserts he wishes to propound to Dr. Dileo, Mattson does not indicate just what those facts he wishes be admitted are, or their potential relevance to the issues raised in Defendants' motion or somehow counter the facts alleged in Dr. Dileo's declaration.[6] Nor, for that matter, has Mattson provided any explanation why this additional discovery, sought two months after the close of discovery, could not have been completed earlier.

This Court is not unmindful of the difficulties faced by prisoners in pursuing their claims in federal court, including the limitations on access to prison libraries. Nor is the Court unmindful of the difficulties a *pro se* party has in understanding the legal issues presented. On the other hand, this Court has explained to Mattson the elements he must establish by a preponderance of the evidence in this medical deliberate indifference case, including citations to applicable controlling cases.[7] While the *factual hurdle* Mattson must clear in a medical deliberate indifference case is extremely difficult, the *legal issues* are not. At most, Mattson has shown a reasonable basis for extending his time within which to serve and file his opposition to Defendants' motion for summary judgment.

---

[6] Docket 40-6.

[7] Dockets 26 and 39.

Accordingly, the time within which Plaintiff must respond to Defendants' motion for summary is hereby extended through and including **November 14, 2014.** In all other respects Plaintiff's Motion for Discovery Continuance at **Docket 43** is **DENIED**

**IT IS SO ORDERED** this 22nd day of October, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE