UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MATTSON,<br><br>      Plaintiff,<br><br>vs.<br><br>S. LOPEZ, *et al.*,<br><br>      Defendants. | Case No. 1:13-cv-00567-RRB<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION FOR SUMMARY JUDGMENT**<br>**[DOCKET 40]** |

## I.     PENDING MOTION

At **Docket 40** Defendants S. Lopez, L. DiLeo, and M. Biter have moved for summary judgment in their favor. Plaintiff Steve Mattson has opposed the motion[1] and Defendants have replied.[2] The Court, being fully advised in the premises, submits this matter for decision on the moving and opposing papers without oral argument.[3]

## II.     BACKGROUND/ISSUES PRESENTED

In his Amended Complaint, Mattson contends that Defendants have denied him adequate pain management medication and refused to order appropriate diagnostic testing (an MRI). In response, Defendants contend that Mattson has been provided with all medically necessary treatment. Because the parties are familiar with the facts underlying

---

[1] Docket 48.

[2] Docket 52.

[3] LR 230(l).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
*Mattson v. Lopez*, 1:13-cv-00567-RRB – 1

this case and they are for the most part undisputed, the Court recites them herein only to the extent necessary to understand this decision.

According to his medical records, Mattson suffers from several medical conditions, including hepatitis C, upper gastrointestinal symptoms, hypertension, and chronic low back pain (a narrowing of the L4-5 disc and mild scoliosis). Prior to his transfer to Kern Valley State Prison ("KVSP"), Mattson was housed at Corcoran State Prison. While housed at Corcoran, Mattson's back pain was treated with methadone and morphine. After his transfer to KVSP Mattson's pain was treated with Nortrlptyline, Carbrunazepine, Trileptal, Tegretol, Meloxicam, and Tylenol. In addition, Mattson was provided a ground floor cell with a bottom bunk, a walker, orthopedic shoes, a mobility vest, and limitations were placed upon his work assignments and other activities.[4]

In his opposition to the motion, Mattson submits five issues he contends are issues of material fact.

> 1. Whether the plaintiffs past drug use is sufficient enough to deny adequate pain medication for his serious back pain.  State records will show Plaintiff has not had a dirty drug test in 15 years.  No drug test has been given to the plaintiff to support the defendants claim of drug addiction.
> 2. Whether the pain medication provided to plaintiff Mattson is sufficient enough to subdue the chronic lower back pain he suffers from daily.
> 3. Whether Dr. DiLeo used sound perfessional [*sic*] medical judgment when he rescinded the permanent chrono for orthopedic shoes 92 days after he approved it.
> 4. Whether Dr. DiLeo use[d] medical professional judgment when he increased the length of time for "no prolonged sitting" from 1 hour to 2 hours knowing the pain the plaintiff suffers from prolonged sitting.

---

[4]   Contrary to Mattson's contentions, the record reflects that the pyschotropic medications were prescribed as treatment for Mattson's psychiatric condition by medical providers other than Dr. DiLeo, not as a substitute for pain management.

5.  Whether Dr. DiLeo intentionally disregarded the risk of harm and injury to plaintiff Mattson by denying appropriate accommodations, such as a back brace for added support and othopedic [*sic*] shoes as plaintiff has requested numerous times and was denied as indicated on all the 602 appeal responses included as Exhibit D 1-4.[5]

## III.  STANDARD OF REVIEW

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[6]  Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[7]  In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial.[8]  The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. In order to show that a genuine issue of material fact exists a nonmoving

---

[5]  *Id.*, pp. 1-2.

[6]  Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

[7]  Fed. R. Civ. P. 56(e).

[8]  *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

plaintiff must introduce probative evidence that establishes the elements of the complaint.[9] Material facts are those which may affect the outcome of the case.[10] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.[11] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[12] The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.[13] The moving party has the burden of showing there is no genuine issue of material fact; therefore, he bears the burden of both production and persuasion.[14] The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.[15] There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[16]

---

[9]  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–49 (1986).

[10]  *Id.*

[11]  *Id.*

[12]  *Id.* at 255.

[13]  *Id.*

[14]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

[15]  *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); *see Celotex*, 477 U.S. at 325.

[16]  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses.[17] Instead, it generally accepts as true statements made under oath.[18] However, this rule does not apply to conclusory statements unsupported by underlying facts,[19] nor may the court draw unreasonable inferences from the evidence.[20]

## IV.     DISCUSSION

As noted above, the sole issue before this Court is whether the refusal to continue treatment of Mattson's pain with narcotic-based pain relievers and refusal to order a MRI constituted deliberate indifference. The Supreme Court, holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment, stated:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[21]

---

[17] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[18] *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005).

[19] *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990).

[20] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *McLaughlin v. Liu*, 849 F.2d 1205, 1207–1209 (9th Cir. 1988).

[21] *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks and citations omitted).

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.[22]  In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[23]

In determining deliberate indifference, the court scrutinizes the particular facts and looks for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.[24] The Ninth Circuit has spoken to the subject of the appropriate test under *Estelle*:

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong — defendant's response to the need was deliberately indifferent — is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983. A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs. If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.[25]

---

[22]  *Id.* at 106.

[23]  *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[24]  *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

[25]  *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
*Mattson v. Lopez*, 1:13-cv-00567-RRB – 6

"Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[26] A mere difference of medical opinion regarding the course of medical treatment is "insufficient as a matter of law, to establish deliberate indifference."[27]

With respect to Dr. Lopez and Warden Biter, Mattson does not refute the evidence (their declarations) that they had no direct involvement in his treatment.[28] To impose liability on a supervisor, the supervisor's wrongful conduct must be sufficiently causally connected to the constitutional violation.[29] That is, the official must "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[30]

> A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978) (*Johnson*) (emphasis added). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or

---

[26] *Toguchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood*, 900 F.2d at 1334 (stating that even gross negligence is insufficient to establish a constitutional violation).

[27] *Toguchi*, 391 F.3d at 1059–60 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

[28] Dr. Lopez's involvement appears to be limited to her status as the second-level reviewer with respect to Mattson's April 2010 Inmate/Parolee Health Care Appeal, DCR 602-HC. Plaintiffs Seperate [*sic*] Statement of Disputed Factual Issues, Exh. D, Docket 51, pp. 42–43.

[29] See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (*abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)).

[30] *Id.* (internal quotation marks and citations omitted).

omissions are alleged to have caused a constitutional deprivation.  [Citations omitted.][31]

At most, Mattson's allegations against Dr. Lopez and Warden Biter are that they failed to properly supervise Dr. DiLeo. This is insufficient as a matter of law to state a viable claim under § 1983.[32]  Accordingly, the Complaint as against them must be dismissed.

Reduced to its essence, Mattson's claim against Dr. DiLeo is that the prescribed course of treatment was inadequate. In support of this contention, Mattson proffers no evidence other than his own opinion. This is insufficient as a matter of law to establish "deliberate indifference."[33]

The Court further notes that the record reflects that during the time period in question, Mattson: (1) refused to take his medications, including his prescribed pain medications, on numerous occasions; (2) occasionally refused to allow diagnostic testing; (3) refused to participate in physical therapy; and (4) refused examination during the

---

[31]  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoted with approval in *Tennison v. City and County of San Francisco*., 570 F.3d 1078, 1096 (9th Cir. 2009)).

[32]  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Citations omitted)).

[33]  *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

course of his administrative appeal proceeding.[34] Mattson does not controvert these facts. It is somewhat incongruous for Mattson to complain that he was denied a particular course of treatment when at the same time he was refusing medically prescribed treatment.

The Court has considered all of the other arguments and points raised by Mattson in this proceeding and finds them to be unpersuasive or inapposite.  In particular, the Court finds implausible Mattson's contention that Dr. DiLeo should not have relied on the documented non-medical history of Mattson's request to be placed in solitary confinement for protection resulting from an alleged drug debt owed a prison gang. Mattson's position is predicated primarily on an argument that his "admission" was false and that he should have been subjected to drug tests instead; which, according to Mattson, would have been "clean." There is simply no basis in either the law or sound medical practice for the novel proposition that a treating physician may not rely on statements made by the patient outside the course of medical treatment in making a diagnoses and prescribing treatment. Furthermore, the Court also finds notable that, although he refers to his clean drug tests, nowhere does Mattson contend that the notations in his medical records that he has a history of intravenous use of heroin is false.

## V.    ORDER

Based upon the foregoing, Defendants' Motion for Summary Judgment at **Docket 40** is **GRANTED**.

---

[34]  Declaration of Dr. DiLeo, Docket 40-6, p. 3, ¶ 10.

The Complaint on file herein is hereby **DISMISSED** in its entirety as against all Defendants.

This Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. The Court has determined that in this case an appeal would be frivolous or taken in bad faith.[35] Accordingly, Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The Clerk of the Court is directed to enter judgment of dismissal, with prejudice, which states that the dismissal counts as a "strike" under 42 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 14th day of January, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[35]   28 U.S.C. § 1915(a)(3);  *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
*Mattson v. Lopez*, 1:13-cv-00567-RRB – 10